UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JIMMIE PICKLESIMER,**

    **Plaintiff,**

    v.

**Civil Action 2:13-cv-728**
**Judge Gregory L. Frost**
**Magistrate Judge Elizabeth P. Deavers**

**OHIO DEPARTMENT OF CORRECTIONS**
**AND REHABILITATION,** *et al.,*

    **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Jimmie Picklesimer, an Ohio inmate who is proceeding without the assistance of counsel, brings this action against the Ohio Department of Corrections and Rehabilitation, Southeastern Correctional Institution ("SCI"), and fifteen John Doe Defendants (collectively "Defendants"), alleging various claims arising from an accidental injury he sustained while performing his prison job.  This matter before the United States Magistrate for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction.

**I.**

According to Plaintiff's Complaint and the grievances he attaches as exhibits to the Complaint, on July 15, 2013, inmate Mike McClasky and Plaintiff were working as mechanics at SCI's mechanic shop.  After repairing a zero-turn mower, Mr. McClasky took the mower for a test drive while Plaintiff watched.  Mr. McClasky inadvertently ran over a piece of metal that was hidden in the ground, causing the sliver of metal to fly from the mower.  The piece of metal struck Plaintiff's right arm.  Plaintiff alleges that injuries he sustained as a result of this incident are attributable to "Defendant[s'] negligence, reckless negligence and cruel and unusual punishment under 42 U.S.C. § 1983," as well as "faulty equipment and a lack of proper safety training."  (Compl. ¶ 1, ECF No. 7.)  Thus, it appears that Plaintiff seeks to assert an Eighth Amendment claim as well as state-law tort claims.  In terms of relief, Plaintiff seeks compensatory damages, punitive damages, costs, and attorneys' fees.

**II.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

---

[1] Formerly 28 U.S.C. § 1915(d).

\*   \*   \*

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, --- F.3d ----, No. 12-2620, 2013 WL 4081909, at \*1 (6th Cir. Aug. 14, 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on

its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 2013 WL 4081909 at *2 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Additionally, when the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

### III.

Plaintiff's Complaint does not satisfy Rule 8(a)(1) because it fails to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in

controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, it appears that Plaintiff seeks to assert a claim arising under the Eighth Amendment of the Constitution. His Complaint, however, fails to sufficiently allege such a violation.

The Eighth Amendment, through the Due Process Clause of the Fourteenth Amendment, prohibits state officials from inflicting "cruel and unusual punishments" on prison inmates. U.S. Const. amends. VIII and XIV; *Wilson v. Seiter*, 501 U.S. 294, 296 (1991). An official who causes significant harm to an inmate does not, however, violate the Eighth Amendment unless he acts with a "culpable state of mind in inflicting that harm." *Phaneuf v. Collins*, 509 F. A'ppx 427, 431 (6th Cir. 2012) (citing *Wilson*, 501 U.S. at 296). Within the context of this case, the touchstone inquiry is whether Defendants acted with deliberate indifference. *See Phaneuf*, 509 F. App'x at 431 (analyzing the mental states required to establish an Eighth Amendment violation within different contexts); *Minneci v. Pollard*, 132 S.Ct. 617, 625 (2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, (1994)) (noting that a prisoner seeking to show an Eighth Amendment violation must typically demonstrate that the defendant acted with deliberate indifference). To show deliberate indifference, "an inmate must prove that the official actually perceived and yet still intentionally disregarded the substantial risk of serious harm that led to the inmate's injury." *Phaneuf*, 509 F. App'x at 432.

Applied here, Plaintiff's factual allegations do not support his conclusory allegation that Defendants acted "with malice and deliberate indifference," (Compl. ¶ 2, ECF No. 7). Nothing in Plaintiff's Complaint suggests that Defendants were aware of and yet intentionally disregarded the risk that Mr. McClusky might run over a piece of metal, causing the metal to fly into the air and lodge into Plaintiff's arm. Instead, Plaintiff's allegations suggest that his injuries are attributable to an unexpected accident. The United States Court of Appeals for the Sixth

Circuit has recently explained that "a mere accident does not constitute deliberate indifference because it lacks a sufficiently penal-like intent." *Phaneuf*, 509 F. App'x at 432–33 (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976) and *Wilson*, 501 U.S. at 301).  Thus, to the extent Plaintiff seeks to assert an Eighth Amendment claim, it is **RECOMMENDED** that the Court conclude that Plaintiff has failed to state such a claim.

In sum, Plaintiff has failed to sufficiently plead a claim arising under the federal laws or the Constitution.  Further, the Court lacks diversity jurisdiction to adjudicate any of his state-law claims.  Because Plaintiff's Complaint provides no basis for federal jurisdiction, it is **RECOMMENDED** that the Court dismiss this action under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE** to filing the state-law tort claims in state court.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge

and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

    **IT IS SO ORDERED.**

Date:  August 30, 2013                      /s/ *Elizabeth A. Preston Deavers*
                                                           Elizabeth A. Preston Deavers
                                                           United States Magistrate Judge